IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREGORY O'GARA, On Behalf Of The ESTATE ) <br> OF TAMARA PORTNICK, Individually and On ) <br> Behalf Of All Others Similarly Situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COUNTRYWIDE HOME LOANS, INC., a ) <br> wholly-owned subsidiary of COUNTRYWIDE ) <br> FINANCIAL CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 08-113 (JJF) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Countrywide Home Loans Inc. ("CHL or Countrywide") hereby answers the Complaint. Unless CHL expressly admits an allegation below, CHL denies all of the allegations in the Complaint.

## ANSWER

The allegations in the unnumbered paragraph on Page 1 of the Complaint are introductory, largely concern Plaintiff's alleged efforts (or lack thereof) at pre-suit investigation, and so do not require a response. If a response is required, CHL denies the allegations in this paragraph that contain factual assertions. The remaining allegations are summary and introductory, but if a response is required, CHL also denies these allegations.

CHL answers the numbered paragraphs as follows:

### "NATURE OF THE ACTION"

1. CHL denies the allegations in this paragraph.

{00960330;v1}

2. The "Mortgage Note" referenced in the first sentence of this paragraph speaks for itself, and CHL denies all allegations inconsistent with that document. CHL denies the remainder of the allegations in this paragraph.

3. CHL denies the allegations in this paragraph.

4. CHL denies the allegations in this paragraph.

### "JURISDICTION AND VENUE"

5. The allegations in this paragraph state legal conclusions that require no response. If a response is required, CHL denies that there are 100 or more persons who were overcharged, but admits that the amount in controversy exceeds $5,000,000.

6. The allegations in this paragraph state legal conclusions that require no response. If a response is required, CHL admits it conducts business throughout Delaware but it otherwise denies the allegations in this paragraph.

7. The allegations in this paragraph state legal conclusions that require no response. If a response is required, CHL admits it conducts business throughout Delaware but it otherwise denies the allegations in this paragraph.

### "PARTIES"

8. CHL lacks sufficient information to admit or deny allegations regarding O'Gara's state of residence or status as executor or Successor Trustee to the Estate of Tamara Portnick, and so denies these allegations. CHL admits that the Mortgage Note was subject to enforcement proceedings and admits that a letter was issued as to the Tamara Portnick loan, but it denies the allegations in this paragraph regarding the letter's contents. CHL denies the remaining allegations in this paragraph.

9. CHL denies it is a Delaware corporation, but admits that its principal place of business is 4500 Park Granada, Calabasas, California.

10. CHL admits the allegations in the first sentence in this paragraph. CHL need not respond to the remaining allegations because they are indefinite, but if a response is required, those allegations are denied.

11. CHL admits that it serviced Tamara Portnick's Mortgage Note, and was the loan serviced at the time the Mortgage Note was subject to enforcement proceedings. CHL denies the remaining allegations in this paragraph.

### "CLASS ACTION ALLEGATIONS"

12. The allegations in this paragraph are introductory and so do not require a response. If a response is required, CHL denies the allegations in this paragraph.

13. CHL denies that this action is properly maintainable as a class action.

14. CHL denies the allegations in this paragraph.

15. CHL admits that it maintains records of loans that it services, but otherwise denies the allegations in this paragraph.

16. CHL denies the allegations in this paragraph.

17. CHL denies the allegations in this paragraph.

18. CHL denies the allegations in this paragraph.

19. CHL denies the allegations in this paragraph.

20. CHL denies the allegations in the paragraph.

### "SUBSTANTIVE ALLEGATIONS"

21. CHL admits that Tamara Portnick executed the Mortgage and Promissory Note attached as Exhibits A and B to the Complaint (collectively, the "Mortgage Note"), admits that the Mortgage Note was only one of many standard form contracts in use at the time it was executed, and admits that the Mortgage Note evidences a debt that Tamara Portnick owed to CHL. CHL states that the Mortgage Note speaks for itself as to any allegations regarding its

terms, and denies any allegation inconsistent with the Mortgage Note. CHL denies the remaining allegations in this paragraph.

22. CHL denies the allegations in this paragraph.

23. CHL states that the Mortgage Note speaks for itself as to any allegations regarding its terms, and denies any allegation inconsistent with the Mortgage Note. CHL denies the remaining allegations in this paragraph, and specifically denies that the quoted language was the only basis for payment of foreclosure fees.

24. The allegations in this paragraph state legal conclusions that require no response. If a response is required, CHL denies the allegations in this paragraph.

25. CHL denies the allegations in this paragraph.

26. CHL admits that it has arrangements with some of its attorneys that include flat fees for some legal services in certain respects and circumstances. CHL denies the remaining allegations in this paragraph.

27. CHL admits that fees not previously paid by a borrower in connection with a foreclosure action are sometimes paid as part of a foreclosure sale. CHL denies the remaining allegations in this paragraph.

28. CHL admits that some fees, charges and expenses are sometimes incurred due to a borrower's default and that reimbursement of some fees, charges or expenses are sometimes sought from a borrower in default. CHL denies the remaining allegations in this paragraph.

29. CHL denies the allegations in this paragraph.

30. CHL states that the Mortgage Note speaks for itself as to any allegations regarding its terms, and denies any allegation inconsistent with the Mortgage Note. CHL denies the remaining allegations in this paragraph.

31. CHL denies the allegations in this paragraph.

32. CHL denies the allegations in this paragraph.

33. The allegations in this paragraph state legal conclusions that require no response. If a response is required, CHL denies the allegations in this paragraph.

34. CHL denies the allegations in this paragraph.

35. CHL denies the allegation in this paragraph.

36. CHL admits that when a borrower defaults under the terms of a mortgage, deed of trust, or promissory note, CHL may institute enforcement proceedings, up through and including foreclosure proceedings. CHL admits that it may retain an attorney or law firm to pursue remedies under the mortgage, deed of trust, promissory note and associated documents or obligations. CHL denies the remaining allegations in this paragraph.

37. CHL admits that it has arrangements with some of the attorneys or law firms that include flat fees for some types of legal services in certain respects and circumstances. CHL admits that its counsel on occasion makes calls, sends letters, and files foreclosure actions in CHL's name or in the name of the investor, owner, trust, insurer, title holder, or other entity. CHL denies the remaining allegations in this paragraph.

38. CHL admits that it or its counsel may make a demand in certain circumstances for reimbursement of costs, fees and expenses. CHL denies the remaining allegations in this paragraph.

39. CHL admits the allegation in the first sentence of this paragraph. The remaining allegations in this paragraph state legal conclusions that require no response. If a response is required, CHL denies those allegations in this paragraph.

40. CHL denies the allegations in this paragraph.

41. CHL denies the allegations in this paragraph.

42. CHL admits that this paragraph very generally, but incompletely, describes a certain type of appraisal among many types of property valuation and assessment mechanisms. CHL denies that such an appraisal is the only valuation and assessment mechanism that is "proper," denies that the description given is complete, accurate, and universally true (or even relevant), and denies the remaining allegations in this paragraph.

43. CHL denies the allegations in this paragraph.

44. CHL states that the November 6, 2007 *New York Times* article speaks for itself as to any allegations regarding its terms. CHL denies all allegations in this paragraph, whether expressed by O'Gara or contained within the *New York Times* article from which he purports to quote, denies the article accurately describes Countrywide's conduct, and denies the truth of the assertions contained in Katherine Porter's purported "analysis." Further answering, CHL notes that the article discusses multiple third parties; CHL lacks information sufficient to admit or deny any allegations in this paragraph regarding entities other than CHL, and so denies them. All remaining allegations are denied.

45. CHL states that the August 26, 2007 *New York Times* article speaks for itself as to any allegations regarding its terms. CHL denies all allegations in this paragraph, whether expressed by O'Gara or contained within the *New York Times* article from which he purports to quote, and denies that the article accurately describes Countrywide's conduct. All remaining allegations are denied.

46. CHL admits that the United States Trustee Program is the component of the Department of Justice with certain powers by statute, and that certain Trustee offices have made

certain announcements concerning bankruptcy-related conduct by a number of different entities. CHL denies the remaining allegations in this paragraph.

47.    CHL states that court pleadings speak for themselves as to any allegations regarding their terms. CHL denies the remaining allegations in this paragraph, and specifically denies the allegations of the U.S. Trustee Office in Pittsburgh.

48.    CHL admits that the U.S. Trustee has issued subpoenas, and states those subpoenas speak for themselves as to any allegations regarding their terms. Countrywide denies the remaining allegations in this paragraph, and specifically denies it "tack[ed] on improper charges to loans made by homeowners."

49.    CHL states that the January 31, 2008 *Wall Street Journal* article speaks for itself as to any allegations regarding its terms. CHL denies any allegations in this paragraph, whether expressed by O'Gara or contained within the *Wall Street Journal* article from which he purports to quote, and denies that the article accurately describes Countrywide's conduct. All remaining allegations are denied.

50.    CHL states that the January 31, 2008 *Wall Street Journal* article speaks for itself as to any allegations regarding its terms. CHL denies any allegations in this paragraph, whether expressed by O'Gara or contained within the *Wall Street Journal* article from which he purports to quote, and denies that the article accurately describes Countrywide's conduct. All remaining allegations are denied.

51.    CHL admits that Attorney General McCollum has made certain statements, but denies the accuracy of the statement referred to. CHL denies the remaining allegations in this paragraph.

52. As for the first sentence in this paragraph, CHL states that the January 31, 2008 *Wall Street Journal* article speaks for itself as to any allegations regarding its terms. As to the second sentence in this paragraph, CHL admits that the Illinois Attorney General issued a subpoena to CHL. CHL denies all other allegations in this paragraph, whether expressed by O'Gara or contained within the *Wall Street Journal* article from which he purports to quote, and denies that the article accurately describes Countrywide's conduct. All remaining allegations are denied.

53. CHL states that the Mortgage Note speaks for itself as to any allegations regarding Tamara Portnick and that Mortgage Note. CHL lacks sufficient information to admit or deny allegations regarding the subjective beliefs of Tamara Portnick or putative class members, and so denies them. CHL denies all remaining allegations in this paragraph.

54. CHL denies the allegations in this paragraph.

55. CHL denies the allegations in this paragraph.

56. CHL admits that a defaulting borrower must pay, in some circumstances, certain amounts set forth in the borrower's agreement with CHL in order to redeem or reinstate a loan after the borrower has defaulted. CHL denies the remaining allegations in this paragraph.

57. CHL denies the allegations in this paragraph.

58. CHL denies the allegations in this paragraph.

59. CHL states that the February 2, 2007 *Bloomberg.com* article speaks for itself as to any allegations regarding its terms. CHL denies all allegations in this paragraph, whether expressed by O'Gara or contained within the article from which he purports to quote, and denies that it accurately describes Countrywide's conduct. Further answering, CHL notes that the article discusses third parties; CHL lacks information sufficient to admit or deny any allegations

in this paragraph regarding entities other than CHL, and so denies them. All remaining allegations are denied.

60. CHL states that the July 23, 2007 *Wall Street Journal* article speaks for itself as to any allegations regarding its terms. CHL denies any allegations in this paragraph, whether expressed by O'Gara or contained within the *Wall Street Journal* article from which he purports to quote, and denies that it accurately describes Countrywide's conduct. Further answering, CHL notes that the article discusses third parties; CHL lacks information sufficient to admit or deny any allegations in this paragraph regarding entities other than CHL, and so denies them. All remaining allegations are denied.

61. CHL states that the August 1, 2007 *CNNMoney.com* article speaks for itself as to any allegations regarding its terms. CHL denies any allegations in this paragraph, whether expressed by O'Gara or contained within the article from which he purports to quote, and denies that it accurately describes Countrywide's conduct. Further answering, CHL notes that the article discusses third parties; CHL lacks information sufficient to admit or deny any allegations in this paragraph regarding entities other than CHL, and so denies them. All remaining allegations are denied.

62. CHL states that the August 21, 2007 Associated Press article speaks for itself as to any allegations regarding its terms. CHL denies any allegations in this paragraph, whether expressed by O'Gara or contained within the article from which he purports to quote, and denies that it accurately describes Countrywide's conduct.

63. CHL states that the September 18, 2007 Associated Press article speaks for itself as to any allegations regarding its terms. CHL denies any allegations in this paragraph, whether

expressed by O'Gara or contained within the article from which he purports to quote, and denies that it accurately describes Countrywide's conduct.

64. CHL lacks information sufficient to admit or deny the claims in this paragraph, and so denies them.

65. CHL states that the February 18, 2008 *New York Times* article speaks for itself as to any allegations regarding its terms. CHL denies any allegations in this paragraph, whether expressed by O'Gara or contained within the *New York Times* article from which he purports to quote, and denies that it accurately describes Countrywide's conduct.

66. CHL denies the allegations in this paragraph.

67. CHL denies the allegations in this paragraph.

## COUNT I

### *Breach of Contract*

68. CHL realleges and incorporates by reference its responses in all paragraphs above.

69. CHL denies the allegations in this paragraph.

70. CHL denies the allegations in this paragraph.

71. CHL denies the allegations in this paragraph.

## COUNT II

### *Unjust Enrichment*

72. CHL realleges and incorporates by reference its responses in all paragraphs above.

73. CHL denies the allegations in this paragraph.

74. CHL denies the allegations in this paragraph.

75. CHL denies the allegations in this paragraph.

## COUNT III

### *Breach of Duty of Good Faith and Fair Dealing*

76. CHL realleges and incorporates by reference its responses in all paragraphs above.

77. CHL denies the allegations in this paragraph.

78. CHL denies the allegations in this paragraph.

79. CHL denies the allegations in this paragraph.

80. CHL denies the allegations in this paragraph.

## PRAYER FOR RELIEF

CHL specifically *denies* that:

(a) this lawsuit is properly maintainable as a class action, or that O'Gara is a proper class representative;

(b) it breached any agreement with O'Gara or putative class members;

(c) it was unjustly enriched as a result of any alleged breach of contract, or that it owed or breached any duty of good faith and fair dealing to O'Gara or putative class members;

(d) the Court should award damages or prejudgment interest to O'Gara;

(e) the Court should permanently enjoin CHL's business practices;

(f) the Court should direct anything concerning the loan documents that CHL used;

(g) the Court should award O'Gara or any putative class member its costs, fees, or disbursements; and

(h) that the Court should grant O'Gara any other relief.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

The Complaint fails to state a claim against CHL upon which the Court may grant relief.

### *Second Affirmative Defense*

O'Gara lacks the legal capacity to sue on behalf of the Estate of Tamara Portnick, and his claim must therefore be dismissed.

### *Third Affirmative Defense*

O'Gara lacks standing to bring some of all of the claims in the Complaint.

### *Fourth Affirmative Defense*

The doctrines of laches bars some or all of O'Gara's claims, in that he (or Tamara Portnick) delayed in bringing any claims.

### *Fifth Affirmative Defense*

The doctrines of voluntary payment and satisfaction bar some or all of the claims.

### *Sixth Affirmative Defense*

The doctrines of accord and satisfaction, compromise and release, or novation bar some or all of the claims.

### *Seventh Affirmative Defense*

The claims are barred where they are based on or resulted in damages caused by the acts and omissions of third parties over whom CHL has no control or right of control.

### *Eighth Affirmative Defense*

The state law claims are preempted, in whole or in part, by federal statutory, regulatory, or common law, including but not limited to, the National Bank Act and/or the Home Owners Loan Act.

*Ninth Affirmative Defense*

The doctrines of waiver and estoppel bar the claims.

*Tenth Affirmative Defense*

The claims are barred, in whole or in part, because CHL has fully performed, satisfied, and/or discharged all of its obligations under the agreement between Portnick and CHL.

*Eleventh Affirmative Defense*

The claims are barred because Plaintiff failed to comply with the "Notice of Grievance" provision in Paragraph 20 of the Mortgage Note before commencing this action.

*Twelfth Affirmative Defense*

The failure of O'Gara and/or Portnick to take reasonable or appropriate steps to protect himself and/or herself from the damages alleged, or to mitigate those damages, bars the claims.

*Thirteenth Affirmative Defense*

The doctrine of unclean hands bars some or all of the claims.

*Fourteenth Affirmative Defense*

The Court should dismiss the claims because venue is not proper in this District.

*Fifteenth Affirmative Defense*

The Court should dismiss the claims because of a failure to join indispensable parties to this litigation.

*Sixteenth Affirmative Defense*

This Court should not exercise any jurisdiction, discretion and power it has to enter any relief for the members of the putative class, based on considerations of comity.

*Seventeenth Affirmative Defense*

The Court should deny the jury trial demand. Paragraph 25 of the Mortgage Note waives a jury trial "in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note."

*Eighteenth Affirmative Defense*

CHL acted consistent with its privileges and contractual rights and obligations.

*Nineteenth Affirmative Defense*

The claims are barred or limited by abstention in favor of completion of state court enforcement proceedings.

*Twentieth Affirmative Defense*

The claims are barred because they constitute a collateral attack on the state foreclosure proceedings.

*Twenty-First Affirmative Defense*

The doctrines of collateral estoppel and/or res judicata bar some or all of the claims

*Twenty-Second Affirmative Defense*

Plaintiff's claims are subject to arbitration, if there is a valid arbitration agreement.

*Twenty-Third Affirmative Defense*

As to all putative class members, Countrywide reserves all affirmative defenses, including but not limited to the defenses of lack of personal jurisdiction and improper venue, arbitration, res judicata, collateral estoppel, bankruptcy discharge, judgment, setoff, waiver, estoppel or any other matter constituting an affirmative defense. Countrywide further reserves the right to assert counterclaims as may be appropriate.

*Twenty-Fourth Affirmative Defense*

CHL expressly reserves the right to raise additional affirmative defenses that may become available through the course of this litigation.

WHEREFORE, CHL requests that the Court enter judgment in its favor, and that CHL be awarded its costs, including its reasonable attorneys' fees, and such other relief as the Court deems just and appropriate.

| OF COUNSEL: | BAYARD, P.A. |
|---|---|
| Thomas M. Hefferon<br>Sabrina M. Rose-Smith<br>Goodwin Proctor LLP<br>901 New York Avenue, NW<br>Washington, DC 20001<br>Telephone: (202) 346-4000<br>Facsimile: (202) 346-4444<br>thefferon@goodwinprocter.com<br>srosesmith@goodwinprocter.com | /s/ Stephen B. Brauerman (sb4952)<br>Richard D. Kirk (#922)<br>Stephen B. Brauerman (#4952)<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>Telephone: (302) 655-5000<br>Facsimile: (302) 658-6395<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br><br>*Attorneys for Defendant Countrywide Home Loans, Inc.* |

Dated May 16, 2008

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 16, 2008, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Carmella P. Keener
Rosenthal Monhait & Goddess, P.A.
Mellon Bank Center, Suite 1401
919 Market Street
Wilmington, DE 19899

The undersigned counsel further certifies that, on May 16, 2008, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

Robert I. Harwood
Jeffrey M. Norton
Harwood Feffer LLP
488 Madison Avenue
New York, NY 10022

/s/ Stephen B. Brauerman (sb4952)
Stephen B. Brauerman

{00960332;v1}