## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

GREG O'GARA, On Behalf Of The ESTATE
OF TAMARA PORTNICK, Individually and On
Behalf Of All Others Similarly Situated,

                      Plaintiff,

    vs.

COUNTRYWIDE HOME LOANS, INC., a
wholly-owned subsidiary of COUNTRYWIDE
FINANCIAL CORPORATION,

                    Defendant.

**C.A. No. 08-113 (JJF)**

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## PLAINTIFF'S OPENING BRIEF IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES ASSERTED IN DEFENDANT'S ANSWER PURSUANT TO FED. R. CIV. P. 12(F)

**Of Counsel:**

HARWOOD FEFFER LLP
Robert I. Harwood, Esq.
Jeffrey M. Norton, Esq. (*pro hac vice*)
Roy Shimon, Esq.
488 Madison Avenue
New York, NY 10022
 (212) 935-7400
rharwood@hfesq.com
jnorton@hfesq.com
rshimon@hfesq.com

ROSENTHAL, MONHAIT & GODDESS, P.A.
Carmella P. Keener (#2810)
Citzens Bank Center, Suite 1401
Wilmington, DE 19899-1070
(302) 656-4433
ckeener@rmgglaw.com

*Attorneys for Plaintiff*

Dated: June 5, 2008

## TABLE OF CONTENTS

Page No.

TABLE OF AUTHORITIES ........................................................................ iii

INTRODUCTION ......................................................................................1

I.      NATURE OF THE ACTION ...........................................................1

II.     PROCEDURAL HISTORY.............................................................2

III.    ARGUMENT..................................................................................2

        A.      Motion To Strike Standard...................................................2

        B.      The Affirmative Defenses Should Be Stricken.......................4

                1.      Defendant's Second Affirmative Defense
                        Should Be Stricken .....................................................4

                2.      Defendant's Third Affirmative Defense
                        Should Be Stricken .....................................................5

                3.      Defendant's Fourth Affirmative Defense
                        Should Be Stricken .....................................................5

                4.      Defendant's Sixth Affirmative Defense
                        Should Be Stricken .....................................................6

                5.      Defendant's Eighth Affirmative Defense
                        Should Be Stricken .....................................................8

                6.      Defendant's Ninth Affirmative Defense
                        Should Be Stricken .....................................................9

                7.      Defendant's Thirteenth Affirmative Defense
                        Should Be Stricken ...................................................10

                8.      Defendant's Fourteenth Affirmative Defense
                        Should Be Stricken ...................................................10

                9.      Defendant's Nineteenth Affirmative Defense
                        Should Be Stricken ...................................................11

|     | 10. | Defendant's Twentieth Affirmative Defense Should Be Stricken | 12 |
|     | 11. | Defendant's Twenty-First Affirmative Defense Should Be Stricken | 12 |
|     | 12. | Defendant's Twenty-Second Affirmative Defense Should Be Stricken | 13 |
|     | 13. | Defendant's Twenty-Third Affirmative Defense Should Be Stricken | 14 |
|     | 14. | Defendant's Twenty-Fourth Affirmative Defense Should Be Stricken | 14 |
| IV. | | CONCLUSION | 15 |

# TABLE OF AUTHORITIES

**CASES**                                                                              **Page No.**

*AMEC Civil, LLC v. DMJM Harris, Inc.*,
    2007 WL 433328 (D.N.J. 2007) ........................................................................14

*Bd. of Ed. of Thornton Township High School Dist. 205 v. Bd. of Ed. of
    Argo Community High School Dist. 217*,
    2006 WL 2460590 (N.D.Ill. 2006) ..................................................................6,9

*Colorado River Water Conservation District v. United States*,
    424 U.S. 800 (1976).........................................................................................12

*Crawley v. Hamilton County Com'rs*,
    744 F.2d 28 (6th Cir. 1984) ............................................................................12

*De Lage Landen Financial Services, Inc. v. M.D.M. Leasing Corp.*,
    2007 WL 4355037 (N.D.Ill. 2007) ....................................................................5

*Deese v. Mobley*,
    392 So.2d 364 (Fla.App. 1st DCA 1981)...........................................................8

*Directv, Inc. v. Figler*,
    2006 WL 318825 (W.D.Pa. 2006)............................................................3,4,7,9

*France Telecom S.A. v. Novell, Inc.*,
    2002 WL 31355255 (D.Del. 2002)................................................................3,10

*Gambocz v. Yelencsics*,
    468 F.2d 837 (3d Cir. 1972)...........................................................................13

*Heller Financial, Inc. v. Midwhey Powder Co., Inc.*,
    883 F.2d 1286 (7th Cir. 1989) ..........................................................................3

*In re Wiley*,
    224 B.R. 58 (Bkrtcy. N.D.Ill. 1998) ..................................................................6

*Kelly v. Kosuga*,
    358 U.S. 516, 516 (1959)...........................................................................11,13

*Marina Bartashnik v. Bridgeview Bancorp, Inc.*,
    2005 WL 3470315 (N.D.Ill. 2005) ..................................................................11

*Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*,
   2003 WL 1720073 (N.D.Ill. 2003) ...................................................................5

*Pennington v. Pennington*,
   390 So.2d 809 (Fla.App. 5th DCA 1980) ........................................................10

*Raine v. Paramount Pictures Corp.*,
   1998 WL 655545 (S.D.N.Y. 1998)....................................................................4

*Sauber Painting & Decorating, Inc. v. Intl Union of Painters*
   *and Allied Trades Dist. Council # 30*,
   2004 WL 1244133 (N.D.Ill. 2004) ..................................................................8

*Schwarzkopf Tech. Corp. v. Ingersoll Cutting Took Co.*,
   820 F.Supp.150 (D.Del. 1992)..........................................................................3

*S.E.C. v. U.S. Funding Corp.*,
   2006 WL 995499 (D.N.J. 2006) .....................................................................11

*Shechter v. Comptroller of City of New York*,
   79 F.3d 265 (2d Cir. 1996)...............................................................................3

*S.N.W. Corp. v. Hauser*,
   461 So.2d 188 (Fla.App. 4th DCA 1984) .........................................................7

*Southmark Prime Plus, L.P. v. Falzone*,
   768 F.Supp. 487 (D.Del. 1991)....................................................................9,13

*Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.*,
   213 F.R.D. 307 (N.D.Ill. 2003)........................................................................3

*Ticktin v. Kearin*,
   807 So.2d 659 (Fla.App. 3d DCA 2001) ....................................................... 5-6

*Transportes Aeros de Angola v. Ronair, Inc.*,
   693 F.Supp. 102 (D.Del. 1988).....................................................................6,7

*U.S. v. Consolidation Coal Co.*,
   1991 WL 333694 (W.D.Pa. 1991)....................................................................2

*Washam v. J.C. Penny Co., Inc.*,
   519 F.Supp. 554, 562 (D.C.Del. 1981) .............................................................3

*Wilkerson v. Butler*,
   229 F.R.D. 166 (E.D.Cal. 2005) .....................................................................12

*Wolowitz v. Thoroughbred Motors, Inc.*,
   765 So.2d 920 (Fla.App. 2 DCA 2000) ..............................................................7

*Wurz v. Santa Fe Intern. Corp.*,
   423 F.Supp. 91 (D.C.Del. 1976) ...................................................................11,13

*Wyshak v. City Nat. Bank*,
   607 F.2d 824 (9th Cir. 1979) ............................................................................3

## STATUTES AND OTHER AUTHORITY

Fed. R. Civ. P. 8(a) .............................................................................................2,4,6,8,9

Fed. R. Civ. P. 9...................................................................................................2,3,4,10

Fed. R. Civ. P. 12(b)(6) ..............................................................................................2

Fed. R. Civ. P. 12(f)............................................................................................. *passim*

5 Wright & Miller Federal Practice and Procedure, §1274 ............................................3

## INTRODUCTION

Plaintiff Greg O'Gara, as Successor Trustee to the Estate of Tamara Portnick, respectfully submits this opening brief in support of his motion to strike the second through fourth, sixth, eighth, ninth, thirteenth, fourteenth, and nineteenth through twenty-fourth affirmative defenses (the "Affirmative Defenses") asserted in Defendant's Answer and Affirmative Defenses (the "Answer") filed by Defendant Countrywide Home Loans, Inc., a wholly-owned subsidiary of Countrywide Financial Corporation ("Countrywide"), on May 16, 2008. (D.I. 8).

## I.   NATURE OF THE ACTION

This class action arises from Countrywide's actions in enforcing the terms of mortgage documents and promissory notes (collectively, the "Mortgage Agreement") against mortgage borrowers up to and including foreclosure, including actions taken by Countrywide in connection with borrower bankruptcies (collectively, "Enforcement Proceedings"). Pursuant to the terms of the Mortgage Agreement, Countrywide "will have the right to be paid back by me for all of its costs and expenses in enforcing the Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees." Thus, the Mortgage Agreement permits Countrywide to collect from borrowers only such costs, fees, and expenses that Countrywide actually incurred and was obligated to pay in connection with any Enforcement Proceedings. *See* Plaintiff's Class Action Complaint filed February 25, 2008 ("Compl.") at ¶¶ 2,25,34,53,69 (D.I. 1).

However, as Plaintiff alleges, Countrywide collected and retained from borrowers costs, fees, and expenses either in amounts that Countrywide never incurred or

was obligated to pay, or in amounts in excess of those which Countrywide actually incurred and was obligated to pay. (Compl. at ¶¶ 1,37,40,70,74,78). Accordingly, Plaintiff brought claims against Countrywide for breach of contract, unjust enrichment, and breach of the duty of good faith and fair dealing.

## II. PROCEDURAL HISTORY

On February 25, 2008, Plaintiff instituted a class action in the United States District Court for the District of Delaware on behalf of those individuals who were overcharged for costs, fees, and expenses, including attorneys' fees, in connection with Enforcement Proceedings between February 15, 2002 through and including the present (the "Class Period"). On May 16, 2008, Countrywide answered the Complaint, raising twenty-four affirmative defenses. Plaintiff brings this motion to strike fourteen of those affirmative defenses.

## III. ARGUMENT

### A. Motion To Strike Standard

Fed. R. Civ. P. 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike "may serve a useful purpose by eliminating insufficient defenses and saving the time and expense in litigating issues which will not affect the outcome of the case." *U.S. v. Consolidation Coal Co.*, 1991 WL 333694, *2 (W.D.Pa. 1991).

In determining whether it is appropriate to strike an affirmative defense, courts may impose a three-part test: (1) the allegations must be properly pleaded as an affirmative defense; (2) the allegations must be adequately pleaded under the

2

requirements of Rules 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge - that is, if the defendant could prove no set of facts in support of the affirmative defense that would defeat the complaint, the defense must be stricken as legally inadequate. *See Directv, Inc. v. Figler*, 2006 WL 318825, *1 (W.D.Pa. 2006) (citing *Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.,* 213 F.R.D. 307, 308 (N.D.Ill. 2003)); *see also France Telecom S.A. v. Novell, Inc.*, 2002 WL 31355255, * 1 (D.Del. 2002) (affirmative defense will be stricken if it is not "sufficient under the law.").[1]

Importantly, a defense is legally insufficient if it is based wholly on conclusory allegations. *See Shechter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2d Cir. 1996) (in striking affirmative defense, holding that, "Affirmative [d]efenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy."); *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989) (striking affirmative defense as being "meritless" where defenses were "nothing but bare bones conclusory allegations. [Defendants] omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims."); *Washam v. J.C. Penny Co., Inc.*, 519 F.Supp. 554, 562 (D.C.Del. 1981) (striking defense raised where allegations "provided[d] no basis for such

---

[1]     Under Fed. R. Civ. P. 8(a), the defendant is required to plead a "short and plain" statement of the defense sufficient to provide the plaintiff with fair notice of the basis for that defense. Fed. R. Civ. P. 8. *See Novell,* 2002 WL 31355255, at * 2. *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.") (citing 5 Wright & Miller Federal Practice and Procedure, s 1274 at 323). Where fraud or mistake is pled, Rule 9(b) requires that, "the circumstances constituting fraud or mistake shall be stated with particularity." *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Took Co.*, 820 F.Supp.150, 154 (D.Del. 1992).

3

a defense.").

## B.   The Affirmative Defenses Should Be Stricken

The Affirmative Defenses consist of bare bones conclusory allegations that are insufficiently pled, legally inadequate, and/or immaterial to this action. Tellingly, Countrywide fails to plead any factual or legal basis for any of the Affirmative Defenses. *See e.g.*, *Figler*, 2006 WL 318825, \*\*1-3 (striking 26 of 32 affirmative defenses where "Defendant set forth what can only be described as a laundry list of thirty-two affirmative defenses, many of which are fairly boiler-plate," and "are either denials, and therefore not proper affirmative defenses, and/or have been waived or do not meet the requirements of Rules 8 and 9, and/or otherwise legally inadequate.").

In raising irrelevant, inadequately pled, and/or legally insufficient defenses, Countrywide has not put Plaintiff on fair notice of the defenses raised against it. Accordingly, it would be highly prejudicial to the Plaintiff to permit Countrywide to advance such vague, meritlesss Affirmative Defenses. Plaintiff's motion to strike the Affirmative Defenses should thus be granted.

### 1.   Defendant's Second Affirmative Defense Should Be Stricken

As executor and Successor Trustee to the Estate of Tamara Portnick, Plaintiff has the legal capacity to commence and prosecute any action or proceeding on behalf of the Estate of Tamara Portnick. Countrywide provides no factual or legal basis for its conclusion that Plaintiff lacks the legal capacity to sue on behalf of the Estate of Tamara Portnick. *See Raine v. Paramount Pictures Corp.*, 1998 WL 655545, \*12 (S.D.N.Y. 1998) ("a party desiring to raise the issue of another party's legal existence or capacity to sue must do so by specific negative averment, which shall include such supporting

4

particulars as are peculiarly within the pleader's knowledge. The defendants' bare pleading in their Second Affirmative Defense - "Plaintiff lacks the necessary standing to pursue its claims and in particular, was not validly appointed 'Trustee' - is completely devoid of specifics, let alone any of the 'supporting particulars' of the claim that the defendants now appear to know.").

Because Countrywide has failed to make any showing challenging Plaintiff's role as Successor Trustee or Plaintiff's capacity to sue as Successor Trustee, Countrywide's Second Affirmative Defense is inadequately pled.

## 2. Defendant's Third Affirmative Defense Should Be Stricken

Countrywide's claim that Plaintiff lacks standing to bring this action must be stricken because lack of standing is not an affirmative defense. *See De Lage Landen Financial Services, Inc. v. M.D.M. Leasing Corp.*, 2007 WL 4355037, *3 (N.D.Ill. 2007) ("Because a plaintiff must plead and ultimately prove standing, lack of standing is not an affirmative defense under federal law."); *Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, 2003 WL 1720073, *4 (N.D.Ill. 2003) (holding that lack of standing is not an affirmative defense). Even assuming lack of standing did constitute an affirmative defense, Countrywide fails to identify the basis for Plaintiff's alleged lack of standing or to plead any allegation in support of its conclusion that Plaintiff lacks standing. Accordingly, Countrywide's Third Affirmative Defense must be stricken.

## 3. Defendant's Fourth Affirmative Defense Should Be Stricken

The doctrine of laches is "an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." *Ticktin*

5

*v. Kearin*, 807 So.2d 659, 663 (Fla.App. 3d DCA 2001).[2] Thus, delay alone is insufficient to show laches, as prejudice must also be established by the moving party. *Id.* In failing to make any showing of either unreasonable delay or prejudice resulting therefrom, Countrywide simply concludes that the doctrine of laches "bars some or all of O'Gara's claims, in that he (or Tamara Portnick) delayed in bringing any claims." Countrywide fails to make any showing to suggest that Plaintiff was inexcusably tardy in bringing this action or that Countrywide has been prejudiced in any way by such delay.[3]

Because Countrywide's affirmative defense of laches fails to meet the pleading requirements of Rule 8, it must be stricken. *See e.g., Bd. of Ed. of Thornton Township High School Dist. 205 v. Bd. of Ed. of Argo Community High School Dist. 217*, 2006 WL 2460590, at *3 (N.D.Ill. 2006) (in raising affirmative defense of laches, "Defendants do not allege plaintiffs were dilatory in bringing this case. Nor do they claim any prejudice resulting from delay. Because defendants fail to provide any basis for an inference of plaintiffs' unreasonable delay, their affirmative defense based on laches must be stricken.").

### 4. Defendant's Sixth Affirmative Defense Should Be Stricken

The array of unsubstantiated claims comprising Countrywide's Sixth Affirmative Defense are either inadequately plead, legally inadequate, and/or immaterial to the instant

---

[2] Because Tamara Potnick executed the Mortgage Agreement in the state of Florida, Florida substantive law governs these proceedings. *See Transportes Aeros de Angola v. Ronair, Inc.*, 693 F.Supp. 102, 106 (D.Del. 1988).

[3] Compare with *In re Wiley*, 224 B.R. 58, 79 (Bkrtcy. N.D.Ill. 1998) (*Order vacated on reconsideration of class certification issue*) (affirmative defense of laches sufficiently pled where defendants alleged plaintiff's lack of diligence in bringing action and resulting prejudice by "clearly stat[ing] that, during the four-year delay until Plaintiff brought this action, [defendants] disposed of records, files, and documents which may be necessary to their defense.")

6

action. Countrywide claims that "the doctrines of accord and satisfaction, compromise and release, or novation bar some or all of the claims."

The defense of accord and satisfaction requires a showing that "the parties mutually intended to effect a settlement of an existing dispute by entering into a superseding agreement and actual performance with satisfaction of the new agreement." *Wolowitz v. Thoroughbred Motors, Inc.*, 765 So.2d 920, 923 (Fla.App. 2 DCA 2000). Perhaps Countrywide's failure adequately to plead this defense arises from the fact that there is no superseding agreement between Plaintiff and Countrywide, and thus, there can be no satisfaction thereof. This affirmative defense is thus immaterial to this case. *See e.g., Figler*, 2006 WL 318825, \*2 (striking conclusory affirmative defense that, Plaintiff's claims are barred by doctrine of accord and satisfaction").

The defense of novation is similarly improperly raised. Novation contains four requisite elements: (1) the existence of a previously valid contract; (2) the agreement to make a new contract; (3) the intent to extinguish the original contractual obligations; and (4) the validity of the new contract. *S.N.W. Corp. v. Hauser*, 461 So.2d 188, 189 (Fla.App. 4th DCA 1984). Absent any new contract extinguishing the rights and obligations of the parties under the Mortgage Agreement, the affirmative defense of novation is inapplicable to this case. *See e.g., Transportes Aeros de Angola*, 693 F.Supp. at 108 ("no genuine issue of fact remains as to [Defendants'] defense of novation" where Defendants have failed to provide any facts showing that a new contract was entered into by the parties.").

Moreover, a party is "discharged from his liability on an instrument to another party by any other act or agreement with such party which would discharge his simple

7

contract for the payment of money." *Deese v. Mobley*, 392 So.2d 364, 365 (Fla.App. 1st DCA 1981). Because Countrywide has failed to make any showing that Plaintiff released Countrywide from liability on the Mortgage Agreement, either through act or agreement, this affirmative defense must also be stricken.

## 5. Defendant's Eighth Affirmative Defense Should Be Stricken

Countrywide insufficiently generalizes that the "state law claims are preempted, in whole or in part, by federal statutory, regulatory, or common law, including but not limited to, the National Bank Act and/or the Home Owners Loan Act." This pleading fails to place the Plaintiff on notice as to the basis for Countrywide's preemption defense. In *Sauber Painting & Decorating, Inc. v. International Union of Painters and Allied Trades District Council # 30*, 2004 WL 1244133, at \*\*2-3 (N.D.Ill. 2004), for example, the defendant raised the affirmative defense that "each of [plaintiff's] state law claims [sic] are preempted by federal labor law." In finding that this conclusory allegation did not constitute a short and plain statement of the basis for the defense under Rule 8(a), the court held that "Defendants do not identify which federal labor law doctrine(s) preempt the Plaintiffs' state law claims or how the state law claims are preempted by federal labor law. Affirmative defense one fails to give the Plaintiffs sufficient notice of the defense alleged and will not meaningfully provide notice concerning the preemption issue(s) for the parties going forward." *Id.*

Similarly, Countrywide's bare bones conclusion that federal statutory, regulatory, or common law preempt Plaintiff's state law claims does not meet Rule 8's pleading requirements. Even to the extent that Countrywide identifies the National Bank Act and the Home Owners Loan Act, Countrywide does not identify which provision(s) of either

Act serves as the basis for this affirmative defense. Further, Countrywide provides no statement as to how either Act is material to the specific subject matter of Plaintiff's claims, on how either Act preempts Plaintiff's state law claims. *See Southmark Prime Plus, L.P. v. Falzone*, 768 F.Supp. 487, 492 (D.Del. 1991) (matter will be stricken if it can have "no possible bearing upon the subject matter of the litigation"). Accordingly, Countrywide's Eighth Affirmative Defense should be stricken.

## 6. **Defendant's Ninth Affirmative Defense Should Be Stricken**

In purely conclusory fashion, Countrywide claims that "doctrines of waiver and estoppel bar the claims." Notably, Countrywide fails even to identify "the claims" to which this affirmative defense is being raised. Notwithstanding this pleading deficiency, "to plead an affirmative defense based on release or waiver, defendants must allege plaintiffs voluntarily relinquished their claims through an agreement." *Thornton Township High School*, 2006 WL 2460590, at *3. Thus, Countrywide's failure to show that an agreement existed pursuant to which Plaintiff relinquished its claims is fatal to this affirmative defense.

In addition, the affirmative defense of estoppel is subject to Fed.R.Civ.P. 9(b)'s heightened pleading requirements. *See Id.* at *4. Even if this affirmative defense was subject to Rule 8's liberal pleading standard, it should be stricken because Countrywide provides no statement to put the Plaintiff on notice as to the basis for this affirmative defense. Indeed, Countrywide does not identify the estoppel sought to be raised in this case or which "claims" Plaintiff should be estopped from asserting. *See e.g., Directv, Inc. v. Figler*, 2006 WL 318825, *2 (striking conclusory affirmative defense that "Plaintiff's claims are barred by the doctrine of estoppel.").

9

### 7. Defendant's Thirteenth Affirmative Defense Should Be Stricken

The defense of unclean hands requires a connection between the alleged misconduct giving rise to the unclean hands and the subject matter of the plaintiff's claims. *Pennington v. Pennington,* 390 So.2d 809, 810 (Fla.App. 5th DCA 1980). To the extent that the alleged misconduct is rooted in fraud or mistake, the affirmative defense of unclean hands must be plead with particularity under Rule 9(b) "to apprise the other party of what is being alleged in a manner sufficient to permit responsive pleadings." *See Novell,* 2002 WL 31355255, at \*\*2-3.

It is uncertain which pleading standard is applicable to this affirmative defense, as Countrywide fails to identify any misconduct by the Plaintiff to constitute unclean hands. In turn, Countrywide fails to show any connection between any misconduct by the Plaintiff and the claims brought by Plaintiff in this case.[4]

Because Countrywide merely concludes that the "doctrine of unclean hands bars some or all of the claims," Countrywide's Thirteenth Affirmative Defense is clearly insufficient.

### 8. Defendant's Fourteenth Affirmative Defense Should Be Stricken

Countrywide's affirmative defense that "venue is not proper in this District" must be stricken because improper venue is not a properly pled affirmative defense, and in any event, venue is clearly proper in this case. A denial of proper venue is not an appropriate

---

[4]    *Compare with Id.* (unclean hands affirmative defense sufficiently pled where defense was "comprise[d] [of] six short paragraphs stating the basis for the unclean hands defense, including the context of the alleged misconduct. This context includes the title, author, and publication date of the reference allegedly withheld by the plaintiffs from the Patent and Trademark Office.").

10

affirmative defense "because affirmative defenses should raise matters outside the scope of a plaintiff's prima facie case. Affirmative defenses are more than simple denials and should not merely negative elements that a plaintiff must prove. Here, plaintiff must show venue is proper, and the affirmative defense challenging venue is stricken with prejudice." *Marina Bartashnik v. Bridgeview Bancorp, Inc.*, 2005 WL 3470315, at \*5 (N.D.Ill. 2005).

Even assuming that the affirmative defense is properly pled, Countrywide's Fourteenth Affirmative Defense must be stricken because it is insufficient as a matter of law. *See Wurz v. Santa Fe Intern. Corp.*, 423 F.Supp. 91, 92 (D.C.Del. 1976) (striking defense as being "insufficient as a matter of law"); *Kelly v. Kosuga*, 358 U.S. 516, 516 (1959) (striking defense that was insufficient as a matter of law). Because Countrywide is incorporated in this District, conducts substantial business in this District, certain violations affecting class members residing in Delaware occurred in this District, and Countrywide is a defendant in related litigation before this Court (*i.e., Trevino v. Merscorp, et al.*, Index. No. 07-568-JFF) where it has already waived venue by failing to raise it in its motion to dismiss, venue is clearly proper in this District. Accordingly, Countrywide's affirmative defense for improper venue must be stricken. *See e.g., S.E.C. v. U.S. Funding Corp.*, 2006 WL 995499, at \*9 (D.N.J. 2006) (striking affirmative defense of improper venue where venue in present district was proper).

### 9. Defendant's Nineteenth Affirmative Defense Should Be Stricken

Countrywide's affirmative defense of abstention in favor of completion of state court enforcement proceedings is not applicable to this litigation. The abstention doctrine allows federal courts to abstain from hearing a federal action in deference to similar state

11

litigation when doing so would avoid duplicative litigation. *See Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976). It necessarily follows that in order for the abstention doctrine to be applicable, there must be state litigation parallel to the federal action. *See Crawley v. Hamilton County Com'rs,* 744 F.2d 28, 31 (6th Cir. 1984) ("A necessary requirement for application of this *Colorado River* doctrine, however, is the presence of a *parallel,* state proceeding."). Because Countrywide has failed to plead the existence of a parallel state court proceeding upon which to base abstention, this affirmative defense must be stricken. *See Wilkerson v. Butler,* 229 F.R.D. 166, 170 (E.D.Cal. 2005) ("Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy.").

### 10.    Defendant's Twentieth Affirmative Defense Should Be Stricken

Because state foreclosure proceedings never actually took place on the property evidenced by the Mortgage Agreement, Countrywide's defense that Plaintiff's claims are barred because they constitute a collateral attack on the state foreclosure proceedings is factually erroneous and must be stricken. Ironically, it is the nature of this action that Countrywide charged the Plaintiff, and other similarly situated individuals, for such things as foreclosure costs that were never incurred.

### 11.    Defendant's Twenty-First Affirmative Defense Should Be Stricken

The doctrines of collateral estoppel and/or res judicata are wholly inapplicable to this case. Under the doctrine of res judicata, a judgment "on the merits" in a prior suit involving the same parties or their privies bars a second suit based on the same *cause of action.* Under the doctrine of collateral estoppel, such a judgment precludes re-litigation

of *issues actually* litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit. *See Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972) (emphasis in original).

However, there is no factual basis upon which Countrywide can assert either of these affirmative defenses in the instant matter. Plaintiff does not bring causes of action against Countrywide which have been adjudicated on the merits in any prior litigation. At the same time, Plaintiff's claims will not lead to re-litigation of any issues already litigated and determined on the merits in any prior litigation. In raising this affirmative defense, Countrywide fails to show otherwise.

Because there is no prior litigation to give rise to the doctrines of collateral estoppel and res judicata, this affirmative defense must be stricken as being legally insufficient. *See Wurz, supra* at 92 (striking defense as being "insufficient as a matter of law"); *Kelly, supra* at 516 (striking defense that was insufficient as a matter of law).

### 12.    **Defendant's Twenty-Second Affirmative Defense Should Be Stricken**

Countrywide's affirmative defense that Plaintiff's claims are subject to arbitration, *if there is a valid arbitration agreement*, is entirely without factual or legal basis. Countrywide is well aware that no arbitration agreement exists and its fashioning of the affirmative defense in qualified terms underscores the point. Because Countrywide fails to identify the existence of a valid arbitration agreement or provide any basis to suggest that Plaintiff's claims are subject to arbitration, the affirmative defense must be stricken. *See Falzone, supra* at 492.

### 13.    Defendant's Twenty-Third Affirmative Defense Should Be Stricken

Countrywide's claim that it reserves all affirmative defenses as well as the right to assert counterclaims as may be appropriate does not constitute an affirmative defense. According to Black's Law Dictionary, an affirmative defense is defined as "[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's...claim, even if all allegations in the complaint are true." *AMEC Civil, LLC v. DMJM Harris, Inc.*, 2007 WL 433328, at *5 (D.N.J. 2007) (citing *Blacks Law Dictionary* 430 (Seventh Ed. 1999)). Thus, Countrywide's reservation of additional affirmative defenses must be stricken. *See Id.* (striking affirmative defense because it "simply reserves the right to rely on other affirmative defense that may be determined through discovery").

### 14.    Defendant's Twenty-Fourth Affirmative Defense Should Be Stricken

For the same reasons that Countrywide's Twenty-Third Affirmative Defense should be stricken, its reservation of "the right to raise additional affirmative defenses that may become available through the course of this litigation" is also improperly plead as an affirmative defense. *See Id.*

## IV.    **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant

Plaintiff's motion to strike the Affirmative Defenses.

Dated:  June 5, 2008

Respectfully submitted,

By:____ */s/ Carmella P. Keener*____
      Carmella P. Keener (Bar ID No. 2810)
      ROSENTHAL, MONHAIT &
         GODDESS, P.A.
      Citizens Bank Center, Suite 1401
      919 Market Street
      Wilmington, DE 19899-1070
      (302) 656-4433
      ckeener@rmgglaw.com

**Attorneys for Plaintiff**

*Of Counsel*:

HARWOOD FEFFER LLP
Robert I. Harwood, Esq.
Jeffrey M. Norton, Esq. (*pro hac vice*)
Roy Shimon, Esq.
488 Madison Avenue. 8th Floor
New York, NY 10022
(212) 935-7400
rharwood@hfesq.com
jnorton@hfesq.com
rshimon@hfesq.com

15