**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GREGORY O'GARA, On Behalf Of The ESTATE OF TAMARA PORTNICK, Individually and On Behalf Of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> COUNTRYWIDE HOME LOANS, INC., a wholly-owned subsidiary of COUNTRYWIDE FINANCIAL CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

C.A. No. 08-113 (JJF)

**DEFENDANT'S ANSWERING BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

BAYARD, P.A.

Richard D. Kirk (#922)
Stephen B. Brauerman (#4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

*Attorneys for Defendant,
 Countrywide Home Loans, Inc.*

OF COUNSEL:

Thomas M. Hefferon
Sabrina M. Rose-Smith
Goodwin Proctor LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4000
thefferon@goodwinprocter.com
srosesmith@goodwinprocter.com

June 23, 2008

## TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY OF ARGUMENT ....................................................1

NATURE AND STAGE OF THE PROCEEDINGS .....................................................2

I.     LEGAL STANDARD ........................................................................................2

II.    ARGUMENT ...................................................................................................3

       A.    CHL's Affirmative Defenses Comply With Rule 8..............................3

       B.    The Court Should Not Strike The Standing, Venue, and Reservation Defenses.....7

       C.    O'Gara Failed To Establish That Any Of CHL's Defenses Are Immaterial...........9

       D.    CHL's Affirmative Defenses Do Not Prejudice O'Gara. ......................................10

       E.    If Any Defenses Are Stricken, It Should Be With Leave To Replead. .................10

CONCLUSION ........................................................................................................11

# TABLE OF AUTHORITIES

**CASES:**                                                                                    **Page**

*Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734 (N.D. Ill. 1982) ............................................8, 9

*Book v. Moulton*, No. 3:05-cv-0875, 2005 U.S. Dist. LEXIS 33578
    (N.D.N.Y Dec. 6, 2005) ...............................................................................4, 5, 7

*Burke v. Mesta Mach. Co.*, 5 F.R.D. 134 (W.D. Pa. 1946).................................................9

*CSU Holdings, Inc. v. Xerox Corp.*, No. 94-2102, 1995 U.S. Dist. LEXIS 6115
    (D. Kan. April 5, 1995)................................................................................4

*Duarte v. Freeland*, No. C-05-2780 EMC, 2008 U.S. Dist. LEXIS 6147, at *4
    (N.D. Cal. Jan. 28, 2008) ...........................................................................10

*Fr. Telecom S.A. v. Novell, Inc.*, No. 02-437, 2002 U.S. Dist. LEXIS 19967
    (D. Del. Oct. 17, 2002) ...........................................................................2, 3-4

*In re Sender*, 423 F. Supp. 2d 1155 (D. Colo. 2006) .........................................................8, 9, 10

*Louisiana Sulphur Carriers, Inc. v. Gulf Res. & Chem. Corp.*, 53 F.R.D. 458
    (D. Del. 1971) .........................................................................................3, 7

*Milton Roy Co. v. Bausch & Lomb Inc.*, 418 F. Supp. 975 (D. Del. 1976) ......................3

*Resolution Trust Corp. v. Thomas*, No. 92-2084-GTV, 1995 U.S. Dist. LEXIS 6071
    (D. Kan. Apr. 25, 1995) ...........................................................................3, 6, 9

*Southmark Prime Plus, L.P. v. Falzone*, 768 F. Supp. 487 (D. Del. 1991) ....................9

*Voeks v. Wal-Mart Stores, Inc.*, No. 07-C-0030, 2008 U.S. Dist. LEXIS 846
    (E.D. Wis. Jan. 7, 2008)...........................................................................2, 5

*Woodfield v. Bowman*, 193 F.3d 354 (5th Cir. 1999) ...............................................4, 5


**RULES AND REGULATIONS**

Fed. R. Civ. P. 8..........................................................................................*passim*

Fed. R. Civ. P. 8(a) .............................................................................................3

Fed. R. Civ. P. 8(c) ............................................................................................4

Fed. R. Civ. P. 8(c)(1)..........................................................................................4

Fed. R. Civ. P. 12 ............................................................................................4

Fed. R. Civ. P. 12(b) .......................................................................................4

Fed. R. Civ. P. 12(b)(3) ...................................................................................7

Fed. R. Civ. P. 12(f) .........................................................................................2

**OTHER AUTHORITIES**

5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and* Procedure § 1271
    (3d ed. 2004) ..............................................................................................4

14D Charles Alan Wright et al., *Federal Practice & Procedure* § 3826 (3d ed. 2007) .................7

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Gregory O'Gara's Motion to Strike should be denied, because the Affirmative Defenses comply with the Rules and because the Motion is wholly unnecessary.

O'Gara contends the Affirmative Defenses are, variously, not specific enough, not defenses to his case, or not defenses at all. "Plaintiff's Opening Brief" ("Pl. Br."). He is mistaken. As pled, the Affirmative Defenses balance the Complaint's own lack of specific facts with the need of defendant Countrywide Home Loans, Inc. ("CHL"), as a "cautious pleader," to preserve multiple defenses in a putative nationwide class action.

CHL's affirmative defenses meet the requirements of Rule 8 because they contain the short and plain statement required to put O'Gara on notice of the defenses that CHL will pursue. There is no obligation to plead affirmative defenses with detailed factual averments. This is especially true where, as here, O'Gara's Complaint is so thinly-supported – substituting rhetoric and press clippings for real facts – as to leave CHL with little to go on. CHL's affirmative defenses preserve defenses that CHL would, or might, waive if not pled at this stage, and courts recognize that cautious defendants properly may plead broadly-applicable defenses, and even denials and negative averments as affirmative defenses, to avoid later waiver allegations.

To the extent O'Gara contends the defenses are legally inapplicable, he fails to carry his burden in this Motion to prove that they have no possible relation to this case. The chance he could prove so later is no grounds to throw the defense out now.

Moreover, at the same time as O'Gara is seeking to strike the defenses, he has propounded discovery to inquire into them. Discovery is the proper vehicle for O'Gara to pursue here, and this Court need not tarry long over this premature motion.

The Motion also ought to be denied because O'Gara has not made the requisite showing that the pleading detail of the Affirmative Defenses prejudiced him. This case is in its very

early stages.  Given the posture of this case, O'Gara cannot be harmed by receiving early notice of the defenses that CHL will pursue.  CHL's Affirmative Defenses are reasonable, are not prejudicial, and the Court should allow them to succeed or fail on their merits.

### NATURE AND STAGE OF THE PROCEEDINGS

On February 28, 2008, O'Gara filed a putative class action complaint in this Court on behalf of a nationwide class of borrowers who were allegedly overcharged certain fees, costs and expenses associated with CHL's attempts to collect amounts owed when a borrower defaults under the terms of their mortgage documents and promissory notes.  O'Gara alleges that CHL or its agents collected and retained costs, fees, and expenses in excess of the amounts that CHL actually incurred in enforcing its agreements with borrowers.   On May 16, 2008, CHL answered the Complaint and filed its affirmative defenses.  O'Gara moved to strike most of those defenses on June 5, 2008.

## I.    LEGAL STANDARD

The Court should view O'Gara's motion to strike with skepticism, especially at this stage.  While it is true that Rule 12(f) of the Federal Rules of Civil Procedure allow the Court to "order stricken from pleading any insufficient defense," courts generally disfavor motions to strike affirmative defenses. *See Fr. Telecom S.A. v. Novell, Inc.*, No. 02-437, 2002 U.S. Dist. LEXIS 19967, at *6-7 (D. Del. Oct. 17, 2002) (Sleet, J.).  Affirmative defenses need not state specific facts, but must give the plaintiff "fair notice" of what a defense is, and the grounds upon which it rests. *Voeks v. Wal-Mart Stores, Inc.*, No. 07-C-0030, 2008 U.S. Dist. LEXIS 846, at *16 (E.D. Wis. Jan. 7, 2008).  "The degree of factual specificity required, if any, to provide the plaintiff with fair notice of the affirmative defense depends on the specific case and the specific defense being pled." *Id.*  A court will usually deny a motion to strike affirmative defenses unless the allegations have no possible relation to the controversy and cause prejudice to one of the

2

parties. *Resolution Trust Corp. v. Thomas*, No. 92-2084-GTV, 1995 U.S. Dist. LEXIS 6071 (D. Kan. Apr. 25, 1995). Courts in this Circuit appear to be even more skeptical than most of motions to strike affirmative defenses. *Milton Roy Co. v. Bausch & Lomb Inc.*, 418 F. Supp. 975, 977 (D. Del. 1976) ("Motions to strike are generally not favored, and will not be granted unless some end of justice is accomplished thereby, even if, e.g., the defense raised is insufficient."); *Louisiana Sulphur Carriers, Inc. v. Gulf Res. & Chem. Corp.*, 53 F.R.D. 458, 460 (D. Del. 1971)(motions to strike"[n]ot favored because of their dilatory character and tendency to create piecemeal litigation," and "are often denied even when technically correct and well-founded").

## II.     ARGUMENT

Armed only with its loan file for Tamara Portnick's loan, its history of servicing her particular loan, and a Complaint containing more news clippings than facts, CHL filed its Answer and Affirmative Defenses on May 16, 2008. O'Gara now moves to strike most of CHL's affirmative defenses. O'Gara's arguments fall into three categories: 1) defenses for which CHL allegedly did not plead specific facts, 2) defenses that are allegedly not properly plead as affirmative defenses, and 3) defenses that are "immaterial" to this case. None of these arguments can meet the requirements for motions to strike, never mind override the disfavor such motions face in this Circuit.

### A.     CHL's Affirmative Defenses Comply With Rule 8.

O'Gara challenges CHL's Second, Fourth, Sixth, Eighth, Ninth, Thirteenth, Nineteenth, Twentieth, and Twenty-Second affirmative defenses because each allegedly fails to plead facts sufficient to support the defenses. Rule 8 of the Federal Rules of Civil Procedure, however, requires only a "short and plain" statement of CHL's defense. Fed. R. Civ. P. 8(a). The liberal pleading standard afforded to O'Gara's Complaint applies equally to CHL's defenses. *See Fr.*

3

*Telecom S.A.*, 2002 U.S. Dist. LEXIS 19967, at *6-7 (citation omitted) ("It is well settled that the Federal Rules intend a liberal pleading standard. Indeed, Rule 8 expressly mandates that "each averment of a pleading shall be simple, concise, and direct.").

Contrary to O'Gara's argument, Rule 8 does not require CHL to plead a complaint-sized set of allegations as a foundation for each affirmative defense. Instead, a defendant need only plead an affirmative defense with enough specificity or factual particularity to give the plaintiff "fair notice" of the defense that it will advance. *Book v. Moulton*, 2005 U.S. Dist. LEXIS 33578 at * 3 (N.D.N.Y Dec. 6, 2005) (citations omitted). The "fair notice" pleading requirement is met if the defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (citations omitted). Based on this standard, a motion to strike an affirmative defense as insufficient is disfavored as a drastic remedy. *CSU Holdings, Inc. v. Xerox Corp.*, No. 94-2102, 1995 U.S. Dist. LEXIS 6115, at *1 (D. Kan. April 5, 1995).

There are many reasons this liberal standard makes sense. As an initial matter, of course, the standard for O'Gara's Complaint is liberal and there is no basis for requiring more detail in CHL's initial response. There are reasons to require even less specificity. Defendants may not always be sure of the plaintiffs' theories or the facts she intends to marshal or the direction she intends to go, so a certain leeway should be accorded in raising affirmative defenses. Moreover, the law is far from clear as to what constitutes an affirmative defense; Rule 12 requires that "every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). Rule 8(c)(1) lists 19 examples of such defenses. Fed. R. Civ. P. 8(c). Case law is legion, and frequently conflicting, on what constitutes an affirmative defense. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 1271 (3d

4

ed. 2004). CHL should not be faulted for attempting to provide O'Gara with notice of potential affirmative defenses.

In all, O'Gara contends nine of the defenses are insufficiently plead – lack of legal capacity (Second), standing (Third), laches (Fourth), accord and satisfaction (Sixth), preemption (Eighth), waiver and estoppel (Ninth), unclean hands (Thirteenth), abstention (Nineteenth), and arbitration (Twenty-Second). Yet, in his discussion of them, it is obvious that CHL's presentation of the defense has provided O'Gara with all the notice he needs. These defenses are self-explanatory, and self-explanatory affirmative defenses, even when not pled with factual detail, meet the requirements of Rule 8. *Book*, 2005 U.S. Dist. LEXIS 33578 at *2 (citing *Woodfield,* 193 F.3d at 362, *see also Voeks*, 2008 U.S. Dist. LEXIS 846 at *16-18 (rule in *Woodfield* not inconsistent with the pleading requirements in *Bell Atlantic Corp. v. Twombly*; requires case by case analysis).

For example, O'Gara contends the defenses of lack of capacity and standing are not presented in enough detail, but the defenses plainly put him on notice that CHL intends to challenge his ability to sue. This should be no surprise, since the mortgage contract was between CHL and Tamara Portnick, a Florida resident who has since died, and O'Gara contends he has a right to sue CHL as "executor" and "successor trustee." *Compl.* at ¶ 8. In any event, if it was a surprise, O'Gara now knows this is an issue.

Moreover, O'Gara's contention that somehow CHL can be criticized for not being detailed about the capacity and standing affirmative defenses is disturbing. O'Gara's Complaint alleges no detail to explain why he has the right to bring this suit. O'Gara does not reveal the state or county court that appointed him, or the details of the order or authorization he has to bring litigation. O'Gara does not allege whether the claims he sues about arose before or after

Portnick's death – a potentially crucial fact bearing upon whether the supposed claim here came into the decedent estate.   Apparently, O'Gara believed he did not need to set forth these facts because Rule 8 permits notice pleading.  He hardly can be heard to complain when CHL pleads similarly.

O'Gara's criticisms of the other defenses are not well-founded.  Several of them are unsurprising defenses related to the fact he (or Portnick) voluntarily paid the fees now complained of after communications with CHL or its attorney; notably, he does not attack the Fifth Affirmative Defense, which pleads voluntary payment.  Several arise out of the fact Portnick's default of the mortgage caused the loss in the first instance, a fact plaintiff is obviously aware can give rise to defenses.  O'Gara complains that he has no notice of other defenses, based on agreements – the Sixth, Ninth and Twenty-Second – because, he contends, there were none.  *Pl. Br.* at 7 ("there is no superseding agreement between Plaintiff and Countrywide"), 9 ("Countrywide "fail[ed] to show that an agreement existed"), and 13 ("no arbitration agreement existed").  That O'Gara may disagree with these defenses is of no moment, for the Court should not resolve factual disputes on a motion to strike.  *See Resolution Trust Corp.*, 1995 U.S. Dist. LEXIS 6071 at *6.

O'Gara's attack on CHL's preemption defense is particularly weak.  *Pl. Br.* at 8-9. CHL's preemption defense gives O'Gara specific notice of the federal laws that his claims may implicate, the National Bank Act and the Home Owners' Loan Act, unlike the defendant in the *Sauber Painting* case that O'Gara cites.  *See Pl. Br.* at 8.  He knows, for example, that a division of IndyMac Bank, F.S.B., an organization regulated under the Home Owners' Loan Act, originated Portnick's loan.  *See Compl.* at Exhibit B.  The Rules do not require more than notice that the issue will be raised, and CHL clearly did that here.

At bottom, O'Gara seeks to impose a new standard for pleading affirmative defenses in this district, demanding detailed averments (even more detail than he employed) entirely out of line with either the law or common practice.  The detail will not improve pleading, but instead lead to precisely the type of "piecemeal litigation" the Rules are designed to prevent.  *Louisiana Sulfur*, 53 F.R.D. at 460.

To the extent O'Gara seeks additional information surrounding CHL's asserted defenses, "he may avail himself of the discovery process."  *Book*, 2005 U.S. Dist. LEXIS 33578, at *3.  In fact, O'Gara has already done so, serving CHL with interrogatories, requests for production, and requests for admission; by agreement, responses are due on August 15, 2008. ***That discovery specifically asks for the basis of the very defenses that are at issue in this Motion.***

Under these circumstances, the Court should allow the parties to proceed with discovery, and allow CHL to advance its defenses.  If there is a need for the relief O'Gara seeks now, he can certainly renew his Motion after the discovery is answered.

**B.   The Court Should Not Strike The Standing, Venue, and Reservation Defenses.**

O'Gara also moves to strike CHL's standing (Third), venue (Fourteenth), and reservation of rights (Twenty-Third and Twenty-Fourth) defenses, because they are not affirmative defenses. Pl. Mot. at 5, 10, 14.  That relief should be denied as wholly unnecessary.

O'Gara challenges CHL's venue defense, contending he has the burden of proving venue and so this is not an affirmative defense.[1]  Courts recognize that, in practice, "it is often unclear whether a defendant should properly plead a argument as a denial or a defense, and because a defense not pled is waived, a cautious pleader will often err on the side of labeling an argument

---

[1]   CHL appreciates the concession, while noting that the Rules list venue as a defense that may be asserted by responsive pleading or by motion, see Fed. R. Civ. P. 12(b)(3), and other courts disagree with O'Gara, which is why CHL plead venue as a defense. 14D Charles Alan Wright et al., Federal Practice & Procedure, § 3826 (3d

as a defense." *In re Sender*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006) (citing *Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734, 736 (N.D. Ill. 1982).

It certainly was appropriate for CHL to raise the venue issue. Although O'Gara alleges that venue is proper in this district, the implied assertion that venue is appropriate here is hardly obvious. The borrower and collateral for the mortgage loan was in Florida, O'Gara contends that Florida substantive law applies to O'Gara's personal claim, *see Pl. Br.* at 6, and O'Gara alleges that he is a resident of New Jersey. Compl. at ¶8. Based on these facts, CHL may challenge O'Gara's chosen venue, so it reserved the right to do so and put O'Gara on notice by including it as an affirmative defense.

Similarly, in light of O'Gara's uncertain capacity to sue, discussed above, CHL pled lack of capacity and standing both as a negative averments, *see* Answer at ¶8, and as an affirmative defenses. *See* Answer at p. 13. CHL could do nothing more, since O'Gara chose to hide the information about his court appointment. Where a defendant takes the additional precaution of making both a specific denial and an affirmative defense, the Court should not "penalize" CHL "by granting a motion to strike." *Bobbitt*, 532 F.Supp. at 736 (citation omitted).

In its Twenty-Third Affirmative Defense, CHL reserved the right to plead whatever defenses it might have as to members of the putative class if those persons ever became parties to this case. Because a class has not yet been certified, CHL could do nothing more than put O'Gara on notice that it would do so. As one court noted, "the very possibility of waiver makes it important (and certainly prudent) to plead all appropriate affirmative defenses." *Bobbitt*, 532 F. Supp. at 736. At this stage, CHL balanced the waiver concern and the Rule 8 notice pleading requirement by giving notice of all potential defenses and reserving the right to raise others. A

ed. 2007.

"cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly [be waived], even though that approach may lead to pleading matters as affirmative defenses that could have been set forth in simple denials." *Id.*

Finally, CHL's Twenty-Fourth defense signaled that it intended to raise any other defenses that might arise or might be discovered as to O'Gara's individual claim. Since those defenses are unknown, it is difficult to see what else CHL should have done, or any harm in it having presented this issue to O'Gara.

**C.    O'Gara Failed To Establish That Any Of CHL's Defenses Are Immaterial.**

O'Gara also claims that CHL's collateral attack (Twentieth) and collateral estoppel and res judicata (Twenty-First) defenses are immaterial. *Pl. Mot.* at 12-13.[2] To succeed on motion to strike affirmative defenses, however, O'Gara was required to show that the affirmative defenses he seeks to have stricken have "'no possible bearing upon the subject matter of the litigation'." *Southmark Prime Plus, L.P. v. Falzone*, 768 F. Supp. 487, 492 (D. Del. 1991) (citation omitted), *see Burke v. Mesta Mach. Co.*, 5 F.R.D. 134, 138 (W.D. Pa. 1946) (defenses will not be stricken unless the "matter criticized is so unrelated to the complaint's claim as to be unworthy of any consideration as a defense."). O'Gara failed to meet his burden, for all he did was allege they were "factually erroneous" or there was "no prior litigation." *Id.* The Court should not strike CHL's collateral estoppel and res judicata defenses "'if there is any real doubt' about [their] validity and '[t]he benefit of any doubt should be given to the pleader'." *In re Sender*, 423 F. Supp. 2d at 1163-1164, (*citing Bobbitt*, 532 F. Supp. at 736). The Court also should not resolve factual disputes on a motion to strike. *Resolution Trust Corp.*, 1995 U.S. Dist. LEXIS 6071, at

---

[2]    O'Gara also asserts, generically, that any affirmative defense that is not pled properly automatically becomes "legally insufficient." *Pl. Br.* at 3. This improperly confuses the issue of adequacy of pleading with adequacy of the defense itself. The only defenses O'Gara contends are legally inadequate are the ones identified in the text.

*1. Once again, these are matters that can and should be subject of litigation, but plainly meet the test fair notice test for appropriate affirmative defenses.

### D.    CHL's Affirmative Defenses Do Not Prejudice O'Gara.

CHL has done nothing more here than reserve all known and viable defenses against O'Gara's claim, and given notice that it intends to raise all viable defenses to the claims of putative class members if a class is certified. Without a showing of prejudice, the Court gives leeway to a defendant in affirmatively pleading theories which do not actually constitute affirmative defenses. *See In re Sender*, 423 F. Supp. 2d at 1163 (benefit of doubt given to pleader when erring on side of caution in labeling argument as affirmative defense).

O'Gara asserts that it would be "highly prejudicial to the Plaintiff to permit Countrywide to advance such vague, meritless Affirmative Defenses," but he does not allege how the pleading of the affirmative defenses prejudice him. In fact, they benefit O'Gara by giving him early notice of the defenses CHL will raise. CHL's defenses do not significantly increase the discovery required here, create undue delay, or cause significant additional expense. Because the defenses do not prejudice O'Gara, the Court should allow them to remain and direct that the parties continue with discovery.

### E.    If Any Defenses Are Stricken, It Should Be With Leave To Replead.

In the event the Court finds any defenses insufficiently pled, CHL requests an opportunity to replead them. Such relief is ordinarily allowed if a motion to strike is granted, see *Duarte v. Freeland*, No. C-05-2780 EMC, 2008 U.S. Dist. LEXIS 6147, at *4 (N.D. Cal. Jan. 28, 2008), would be consistent with the general practice of permitting plaintiffs to replead an inadequately-framed initial complaint. Since the case is in an early stage, repleading defenses will not harm O'Gara and would be just.

10

## CONCLUSION

CHL's Affirmative Defenses give O'Gara adequate notice of each legal theory CHL intends to pursue, preserve CHL's defenses from any waiver claims, and do not prejudice O'Gara. For these reasons, CHL respectfully requests that the Court deny O'Gara's motion to strike. Alternatively, if the Court finds any Affirmative Defense insufficient, CHL requests leave to amend its Affirmative Defenses to correct such deficiency.

June 23, 2008

BAYARD, P.A.

*/s/ Richard D. Kirk (rk0922)*
Richard D. Kirk (#922)
Stephen B. Brauerman (#4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

OF COUNSEL:

Thomas M. Hefferon
Sabrina M. Rose-Smith
Goodwin Proctor LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4000
thefferon@goodwinprocter.com
srosesmith@goodwinprocter.com

*Attorneys for Defendant,*
 *Countrywide Home Loans, Inc.*

11

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 23, 2008, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Carmella P. Keener
Rosenthal Monhait & Goddess, P.A.
Mellon Bank Center, Suite 1401
919 Market Street
Wilmington, DE  19899


The undersigned counsel further certifies that, on June 23, 2008, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

Robert I. Harwood
Jeffrey M. Norton
Harwood Feffer LLP
488 Madison Avenue
New York, NY  10022


/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

{00759672;v1}