UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

GREG O'GARA, On Behalf Of The ESTATE OF TAMARA PORTNICK, Individually and On Behalf Of All Others Similarly Situated,

Plaintiff,

vs.

COUNTRYWIDE HOME LOANS, INC., a wholly-owned subsidiary of COUNTRYWIDE FINANCIAL CORPORATION,

Defendant.

C.A. No. 08-113 (JJF)
Class Action

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO FILE SURREPLY AND IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

OF COUNSEL:

HARWOOD FEFFER LLP
Robert I. Harwood
Jeffrey M. Norton
Roy Shimon
488 Madison Avenue, 8th Floor
New York, NY 10022
(212) 935-7400
rharwood@hfesq.com
jnorton@hfesq.com
rshimon@hfesq.com

ROSENTHAL, MONHAIT & GODDESS, P.A.
Carmella P. Keener (Del. Bar. No. 2810)
Citizens Bank Center, Suite 1401
Wilmington, DE 19899-1070
(302) 656-4433
ckeener@rmgglaw.com

*Attorneys for Plaintiff*

May 4, 2009

# TABLE OF CONTENTS

**Page No.**

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

ARGUMENT .......... 1

A. Defendant Continuously Misinforms the Court About Plaintiff's Position on Bifurcating Discovery .......... 1

B. Plaintiff Was Not Required to Raise the Issue Of Bifurcation in His Motion to Compel .......... 3

C. Due to the Significant Overlap in Class and Merits Discovery, Bifurcation Would be Costly, Time Consuming and Inefficient .......... 4

CONCLUSION .......... 4

# TABLE OF AUTHORITIES

**CASES** **Page No.**

*Blair v. Source One Morg. Serv. Corp.*,
1997 WL 79289, at *2 (E.D. La. Feb. 24, 1997) ....................................4

*Edge Capture L.L.C. v. Lehman Bros. Holdings, Inc.*,
2008 WL 4083146, *2 (N.D.Ill. Aug. 28, 2008) ....................................3

*F&G Scrolling Mouse, L.L.C. v. IBM Corp.*,
190 F.R.D. 385 (M.D.N.C. Oct. 26, 1999) ....................................3

*Mullally v. Jones*,
2007 WL 1213704, at *3 (D.Nev. Apr. 24, 2007) ....................................3

*In Re Plastics Additives Antitrust Litig.*,
2004 WL 2743591, at *4 (E.D. Pa. Nov. 24, 2004) ....................................4

## INTRODUCTION

Defendant's Surreply Brief represents yet another misstatement by Defendant of Plaintiff's position on bifurcating discovery in this action. Although, during the parties' October 10, 2008 meet and confer, Plaintiff stated his willingness to compromise with Defendant on the matter of bifurcation, such compromise was entirely contingent on Defendant's good faith compliance with Plaintiff's class-based discovery requests. However, because Defendant has failed and refused to make any meaningful production of documents and has prolonged discovery unnecessarily and unreasonably, Plaintiff's offer of compromise was effectively withdrawn the moment he was forced to file the Motion to Compel. And, from the time he filed his motion to the present, Plaintiff has maintained the position the he is entitled to all relevant discovery, without regard to Defendant's subjective determination of what qualifies as class versus merits. Accordingly, because Plaintiff has maintained a consistent position and no new issues or arguments were raised in Plaintiff's Reply Brief In Support Of Motion To Compel Defendant's Compliance With Plaintiff's Discovery Requests (the "Reply"), Defendant's motion to file a surreply should be denied.

## ARGUMENT

### A. Defendant Continuously Misinforms the Court about Plaintiff's Position on Bifurcating Discovery

As discussed in greater detail in his Reply, Plaintiff never conceded that discovery should be bifurcated as a matter of principle or that discovery would proceed more efficiently if it was bifurcated. Rather, in an effort to reach a good faith compromise on getting discovery underway, Plaintiff agreed to first focus on class-related discovery so long as Defendant produced the documents Plaintiff identified as being relevant to that inquiry and necessary to meet his burden in seeking certification of the proposed class. Despite months of back and forth in an effort to

get Defendant to produce something more that a few hundred pages of policy and procedure manuals (which are unlikely to corroborate the alleged wide-spread improprieties occurring at Countrywide), Defendant has maintained the position that no greater production is necessary. Having failed to fulfill its end of the compromise, therefore, no present agreement exists on bifurcation. Moreover, because of all the time lost because of Defendant's needlessly withholding relevant documents and information, Plaintiff believes bifurcation at this juncture would be an extreme waste of time and judicial resources.

In its opposition to the Motion to Compel and in its Surreply, Defendant continues to mislead the Court by arguing that Plaintiff had previously taken the position that, as a matter of course, discovery should be bifurcated. However, as stated in the Declaration of Jeffrey Norton (D.I. 22, the "Norton Decl.") at ¶12, it is made clear that, "In a good-faith effort to facilitate document production, Plaintiff's counsel agreed to initially narrow discovery to the issue of class certification…" Defendant seemingly ignores the "good-faith effort to facilitate document production" aspect of this declaration by constantly citing the declaration for the proposition that Plaintiff agreed to bifurcate as a matter of principle *regardless* of Defendant's production of class-based discovery. *See e.g.*, Defendant's Opposition at 3 ("O'Gara conceded during the meet and confer process that discovery at this stage should only concern that which is necessary to develop evidence on the class certification question." (citing the Norton Decl. at ¶12.)); Opposition at 12 ("Plaintiff and Countrywide agree, at least on a conceptual level, that discovery in this putative class action is premature unless it relates to the question of whether a class can be certified." (citing Norton Decl. at ¶12.)). Defendant's characterization of Plaintiff's willingness to compromise as anything other than that is disingenuous at best, and it is evident from the record that Plaintiff's position has been consistent throughout.

**B. Plaintiff Was Not Required To Raise The Issue Of Bifurcation In His Motion to Compel**

Defendant makes the dubious argument that Plaintiff was under an obligation to oppose bifurcation in his initial brief and thus "waived the ability to raise an objection to bifurcation" in its Reply Brief. *See* Surreply at 1. Setting aside that such a nonsense argument would preclude Plaintiff from responding to arguments raised by Defendant in its Opposition, Defendant offers no legal basis for the proposition. In fact, it is Defendant who fails to acknowledge the abundant case law placing the burden of on Defendant to argue for bifurcation.

Indeed, the burden of arguing in favor of bifurcating discovery is placed on the party seeking bifurcation. *See Edge Capture L.L.C. v. Lehman Bros. Holdings, Inc.*, 2008 WL 4083146, *2 (N.D.Ill. Aug. 28, 2008) ("The party seeking bifurcation has the burden of showing that judicial economy would be served and the balance of potential prejudice weighs in favor of bifurcation."); *Mullally v. Jones*, 2007 WL 1213704, at *3 (D.Nev. Apr. 24, 2007) ("The burden of demonstrating the need for bifurcation of trial or discovery and that the opposing party will not be prejudiced is on the party seeking bifurcation."); *Trading Technologies Intern., Inc. v. eSpeed, Inc.*, 431 F.Supp.2d 834, 840 (N.D.Ill. Apr. 17, 2006) ("we do not think that defendants have carried their burden of establishing that bifurcation of discovery and trial would promote judicial efficiency."); *F&G Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 395 (M.D.N.C. Oct. 26, 1999) (finding that defendant failed to satisfy its burden to justify discovery bifurcation).

Because the burden of raising the issue of bifurcation is on the Defendant as the party seeking bifurcation, Plaintiff was not under any obligation to oppose it until after Defendant first raised the issue with the Court in its opposition to the Motion to Compel. Thus, once Defendant responded to Plaintiff's Motion to Compel by, *inter alia*, arguing for bifurcation, Plaintiff

properly responded and argued the inefficiencies and futility of bifurcation in his Reply.

**C. Due To The Significant Overlap In Class And Merits Discovery, Bifurcation Would Be Costly, Time Consuming And Inefficient**

For the reasons already stated in Plaintiff's Reply Brief, namely the fact that there is substantial overlap between class and merits issues and that bifurcation would be inefficient, counterproductive and lead to additional motion practice (*see e.g.*, *In re Plastics Additives Antitrust Litig.*, 2004 WL 2743591, at *4 (E.D. Pa. Nov. 24, 2004); *Blair v. Source One Morg. Serv. Corp.*, 1997 WL 79289, at *2 (E.D. La. Feb. 24, 1997)), there is no rational basis for bifurcation of discovery. Moreover, considering the considerable delay Defendants have already caused by refusing to produce documents relevant to either class or merits issues, bifurcation would only make matters worse.

## CONCLUSION

It is Plaintiff's right to obtain all relevant documents and information in pursuing his claims. Defendants' continued efforts to thwart the same should not be permitted. Therefore, for the reasons set forth above, as well as in his Motion to Compel and Reply, Plaintiff respectfully requests that the Court deny Defendant's Motion to File a Surreply and grant Plaintiff's Motion to Compel.

Dated: May 4, 2009

ROSENTHAL, MONHAIT & GODDESS, P.A.

*/s/ Carmella P. Keener*

By: Carmella P. Keener (Del. Bar. No. 2810)
Citizens Bank Center, Suite 1401
Wilmington, DE 19899-1070
Tel: (302) 656-4433
ckeener@rmgglaw.com

*Attorneys for Plaintiff*

OF COUNSEL:

HARWOOD FEFFER LLP
Robert I. Harwood
Jeffrey M. Norton
Roy Shimon
488 Madison Avenue, 8th Floor
New York, NY 10022