IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREGORY O'GARA, on behalf of<br>the ESTATE OF TAMARA<br>PORTNICK, and on behalf of<br>others similarly situated,<br><br>           Plaintiff,<br><br>       v.<br><br>COUNTRYWIDE HOME LOANS,<br>INC., a wholly-owned<br>subsidiary of COUNTRYWIDE<br>FINANCIAL CORPORATION,<br><br>           Defendant, | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:   Civil Action NO. 08-113-JJF<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM ORDER

Pending before the Court is a Motion To Strike Affirmative
Defenses Asserted In Defendant's Answer Pursuant to Fed. R. Civ.
P. 12(f) (D.I. 10) filed by Plaintiff Gregory O'Gara, on the
behalf of the estate of Tamara Portnick ("O'Gara"). Also before
the Court are O'Gara's Motion To Compel Defendant's Compliance
With Plaintiff's Discovery Requests (D.I. 20) and a Motion For
Leave To File Surreply Brief In Opposition To Plaintiff's Motion
To Compel (D.I. 32) filed by Defendant Countrywide Home Loans,
Inc. ("Countrywide"). For the reasons discussed, the Court will
grant in part and deny in part O'Gara's Motion To Strike, deny
Countrywide's Motion For Leave To File Surreply, and deny
O'Gara's Motion To Compel.

## I. BACKGROUND

The instant putative class action was initiated on February

24, 2008 by O'Gara, who represents either the Estate of Tamara Portnick (D.I. 1 ¶ 8) or the Tamara Portnick Trust (D.I. 27 at 5 n.3). Prior to her death, Tamara Portnick, a Florida resident, paid fees, costs, and expenses associated with the foreclosure of a mortgage note she had signed with Countrywide, a nationwide mortgage lender. (D.I. 1 at ¶ 8.) O'Gara brings breach of contract, unjust enrichment, and breach of the duty of good faith and fair dealing claims against Countrywide, and generally alleges that Countrywide overcharged fees, costs, and expenses while collecting against borrowers in default under the terms of their mortgage or promissory notes. Countrywide asserted twenty-four affirmative defenses in its Answer, filed on May 16, 2008. (D.I. 8.)

## II. O'GARA'S MOTION TO STRIKE

### A. Legal Standard

Pursuant to Rule 12(f), "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As a general matter, motions to strike under Rule 12(f) are disfavored. Seidel v. Lee, 954 F. Supp. 810, 812 (D. Del.1996). "[E]ven where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." Symbol Techs., Inc. v. Aruba Networks, Inc., 609

F. Supp. 2d 353, 359 (D. Del. 2009) (internal quotations omitted). Moreover, when ruling on a motion to strike, "the [c]ourt must construe all facts in favor of the nonmoving party and deny the motion if the defense is sufficient under law." Procter & Gamble Co. v. Nabisco Brands, Inc., 697 F. Supp. 1360, 1362 (D. Del. 1988) (citations omitted). A court should not strike a defense unless the insufficiency is "clearly apparent." Cipollone v. Liggett Group, Inc., 789 F.2d 181, 188 (3d Cir. 1986), rev'd in part on other grounds, 505 U.S. 504 (1992) (citations omitted); see also Symbol Techs, 609 F. Supp. 2d at 356 n.1 (noting criticism of motions to strike for insufficiency because determination of disputed legal questions should be made after discovery and a hearing on the merits). However, "a court is not required to accept affirmative defenses that are mere bare bones conclusory allegations, and may strike such inadequately pleaded defenses." Sun Microsystems, Inc. v. Versata Enters., Inc., 630 F. Supp. 2d 395, 408 (D. Del. 2009) (internal quotations omitted).

## B. Discussion

### 1. Second, Third, And Fourteenth Affirmative Defense

In its Second and Third Affirmative Defenses, Countrywide challenges O'Gara's standing and capacity to sue, and in its Fourteenth Affirmative Defense, Countrywide asserts that venue is not proper in this District. O'Gara contends that Countrywide

has not sufficiently pled these defenses, and moreover, that they do not constitute affirmative defenses.

In light of the liberal pleading standrd, the Court concludes that these assertions sufficiently put O'Gara on notice of Countrywide's contentions, and that O'Gara will suffer no prejudice if they are not stricken.

### 2. Fourth, Sixth, Ninth, and Thirteenth Affirmative Defenses

In its Fourth, Sixth, Ninth, and Thirteenth Affirmative Defenses, Countrywide asserts that O'Gara's claims are barred under the doctrines of laches, accord and satisfaction, compromise and release, novation, waiver and estoppel, and/or unclean hands, respectively. Countrywide provides only bare bones, conclusory allegations about the applicability of these doctrines with no factual support whatsoever. Because Countrywide has failed to plead sufficient facts on which O'Gara could be put on notice of the nature of the defenses raised being raised against him, the Court concludes that the Fourth, Sixth, Ninth, and Thirteenth Affirmative Defenses will be stricken.

### 3. Eighth Affirmative Defense

Countrywide's Eighth Affirmative Defense states: "The state law claims are preempted, in whole or in part, by federal statutory, regulatory, or common law, including but not limited to, the National Bank Act and/or the Home Owners Loan Act."

4

(D.I. 8 at 12.)  O'Gara contends that this defense is insufficiently pled because it lists only two broad statutes of many potential preemptive federal statutes.  (D.I. 16 at 5-6.) The Court concludes that this defense is properly pled.  Although Defendants identified only two statutes (and no specific provisions), O'Gara is sufficiently on notice of Countrywide's assertion of preemption such that O'Gara will not be prejudiced if this defense is not stricken.

### 4.   Nineteenth, Twentieth, And Twenty-First Affirmative Defenses

In its Nineteenth, Twentieth, and Twenty-First Affirmative Defenses, Countrywide asserts that O'Gara's claims are barred by abstention pending the completion of state court enforcement proceedings, and collateral estoppel and/or res judicata, and are barred as a collateral attack on the state foreclosure proceedings.  O'Gara and Countrywide both agree that O'Gara was subject to state enforcement proceedings on the Mortgage Note. (See D.I. 1 ¶ 8; D.I. 8 ¶ 8).  Although Countrywide provides no further details about the nature of its assertions, the Court concludes that in light of O'Gara's knowledge of the state court enforcement proceedings, O'Gara will not be prejudiced if these defenses are not stricken.

### 5. Twenty-Second Affirmative Defense

Countrywide's Twenty-Second Affirmative Defense states:

"O'Gara's claims are subject to arbitration, if there is a valid
arbitration agreement." (D.I. 8 at 14.) Countrywide
acknowledges that it has possession of Tamara Portnick's Mortgage
and Promissory Note, yet fails to indicate if any arbitration
clause actually exists in the agreement. Accordingly, the Court
concludes that Countrywide insufficiently pled the Twenty-Second
Affirmative Defense, and therefore, it will be stricken.

### 6.  Twenty-Third and Twenty-Fourth Affirmative Defenses

Countrywide's Twenty-Third and Twenty-Fourth Affirmative
Defenses purport to reserve the right to bring further
affirmative defenses against any putative class members or any
additional defenses that may become available through the course
of litigation. (D.I. 8 at 14-15.) The Court concludes that
these are not affirmative defenses. See AMEC Civil, LLC v. DMJM
Harris, Inc., No. 06-64, 2007 U.S. Dist. LEXIS 8344, at *15
(D.N.J. Feb. 6, 2007)(quoting Black's Law Dictionary 430 (7th ed.
1999))("an affirmative defense is defined as 'a defendant's
assertion raising new facts and arguments that, if true, will
defeat plaintiff's claim, even if all allegations in the
complaint are true.'"). Because reserving the right to bring
future affirmative defenses does not qualify as an affirmative
defense, the Court concludes that Countrywide's Twenty-Third and
Twenty-Fourth Affirmative Defenses will be stricken.

Countrywide will be given leave to amend all of the

6

aforementioned deficiencies in its pleading.

## III. O'GARA'S MOTION TO COMPEL DISCOVERY AND COUNTRYWIDE'S MOTION FOR LEAVE TO FILE SURREPLY

### A. Parties' Contentions

O'Gara contends Countrywide has failed to produce documents that it had agreed to produce, as well as a large number of relevant non-privileged documents. (D.I. 21.) According to O'Gara, its requests fit into at least one category of relevance: (1) individual merits, adequacy, typicality, and damages, (2) class merits and commonality of claims, (3) contours of class, (4) identity of class members and numerosity, (5) calculation of loss, and (6) other relevant information. (Id.)

Countrywide contends that it has provided, and continues to provide, relevant documents, and that O'Gara failed to properly meet with Countrywide to discuss the discovery issues. (Id.) Countrywide argues that O'Gara's discovery requests are overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence because they seek to discover, potentially, millions of documents spread across every state in the country, many of which are privileged and/or unrelated to O'Gara's claim. (Id.) Further, Countrywide contends that the parties reached an agreement to bifurcate discovery, and accordingly, discovery should be bifurcated with the first phase covering class certification and O'Gara's claims. (Id.) O'Gara

disputes Countrywide's characterization of the parties agreement, which O'Gara argues was dissolved on the grounds of bad faith, and contends that bifurcation of discovery would be costly and inefficient. (D.I. 31.)

## B. Discussion

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). With respect to O'Gara's contention that Countrywide has failed to produce relevant non-privileged documents related to the issues of merits, class certification, and potential damages, the Court will not order Countrywide to make any further productions at this time. Plaintiff identified the Document Request and Interrogatory Numbers, and directed the Court to Countrywide's objection (attached in a declaration), but has failed to provide any argument at all as to Countrywide's alleged non-compliance with discovery obligations. Namely, O'Gara does not address with specificity why the requested information is relevant, or why Countrywide's objections are unfounded. Accordingly, the Court denies O'Gara's Motion in this respect.

With respect to O'Gara's contention that Countrywide has agreed, but failed, to produce certain relevant non-privileged documents, the Court accepts Countrywide's representation that it

8

had produced, and will continue to produce, the responsive documents. (D.I. 27.) Based on Countrywide's Answering Brief, it is apparent that Countrywide has produced many documents regarding, inter alia, internal policies and procedures and account materials. Aside from identifying the Document Requests at issue, O'Gara merely provides the Court with conclusory assertions of non-compliance by Countrywide. O'Gara has failed to identify with any specificity why the produced documents are non-responsive or are otherwise insufficient, and accordingly, the Court also denies O'Gara's Motion in this respect.

Because O'Gara's Motion To Compel will be denied in its entirety, and because the extent to which bifurcation of merits and class discovery is needed to promote efficiency is not yet clear, the Court will not evaluate Countrywide's alternative request to bifurcate discovery at this time. In turn, since the Court will not address the issue of discovery bifurcation, Countrywide's Motion For Leave To File Surreply Brief In Opposition To Plaintiff's Motion To Compel will be denied.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion To Strike Affirmative Defenses Asserted In Defendant's Answer Pursuant to Fed. R. Civ. P. 12(f) (D.I. 10) is **GRANTED** as to Fourth, Sixth, Ninth, Thirteenth, Twenty-Second, Twenty-Third, and Twenty-Fourth Affirmative Defenses, and **DENIED** as to the Second, Third, Eighth,

Fourteenth, Nineteenth, Twentieth, and Twenty-First

Affirmative Defenses.

2.   Defendant shall file an Amended Answer within **twenty (20)**

**days** of the date of this Order.

3.   Plaintiff's Motion To Compel Defendant's Compliance With

Plaintiff's Discovery Requests (D.I. 20) is **DENIED**.

4.   Defendant's Motion For Leave To File Surreply Brief In

Opposition To Plaintiff's Motion To Compel  (D.I. 32) is

**DENIED**.

July 30, 2010

DATE                           UNITED STATES DISTRICT JUDGE

10